**ANTICOUNI & RICOTTA, PC**
Nicole K. Ricotta (State Bar No.: 283370)
*nicole@anticounilaw.com*
201 N. Calle Cesar Chavez, Suite 105
Santa Barbara, CA 93103
*Telephone*: (805) 845-0864
*Facsimile:* (805) 845-0965

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOVANA SERRANO, an individual, for herself and on behalf of all others similarly situated;

Plaintiff,

vs.

HC ASSETCO, LLC, a Delaware limited liability company dba HOTEL CALIFORNIAN; and DOES 1 through 50, inclusive,

Defendants.

**Case No.: 2:25-cv-04246 FLA (PVCx)**

**CLASS ACTION**

**FIRST AMENDED COMPLAINT**

1. Failure to Pay Wages and/or Overtime Under Labor Code §§ 510, 1194;
2. Failure to Pay Minimum Wages;
3. Failure to Provide Meal and Rest Periods Under Labor Code §226.7 and 512;
4. Failure to Pay Split Shift Premium Wages (Labor Code §§ 1197, 1194; Wage Order 5-2001);
5. Violation of Labor Code § 204; and
6. Violation of Business & Professions Code § 17200

**DEMAND FOR JURY TRIAL**

Plaintiff JOVANA SERRANO, individually and on behalf of all other members of the public similarly situated alleges as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover wages and all other available relief on behalf of Plaintiff and all similarly situated current and former non-exempt, hourly paid employees of Defendants, and any other available relief on behalf of Plaintiff, the State of California, and other current and former employees who worked for Defendants in California as non-exempt, hourly paid employees and received at least one wage statement and against whom one or more violations of any provision in Division 2 Part 2 Chapter 1 of the Labor Code or any provision regulating hours and days of work in the applicable Industrial Welfare Commission ("IWC") Wage Order were committed, as set forth in this complaint.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and based on 28 U.S.C. §§ 1441, 1446.

3. Venue is proper in this Court because this case was originally filed in the Superior Court of California for the County of Santa Barbara. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(a), 1391(b), and 1441(a).

## PARTIES

4. Plaintiff Jovana Serrano ("Plaintiff") was a resident of Santa Barbara, State of California during her employment with Defendant.

5. Plaintiff worked for Defendant, at its principle location at 36 State Street, Santa Barbara, CA from August 30, 2018 to November 10, 2021. Plaintiff was a non-exempt employee in the positions of In-Room Dining Runner and Banquet Server.

6. Defendant HC ASSETCO, LLC, a Delaware limited liability company dba HOTEL CALIFORNIAN was and is a Delaware corporation, and at all times mentioned herein, was licensed to do business and does business in the state of California.

7. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 50, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

8. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 50 were the partners, agents, owners, or managers of HC ASSETCO, LLC at all relevant times.

9. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, HC ASSETCO, LLC and/or DOES 1 through 50 (collectively, "Defendants" or "HC ASSETCO"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co- Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

10. At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

11. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## GENERAL ALLEGATIONS

12. Plaintiff and the Proposed Class, at all times pertinent hereto, have been classified as non-exempt employees by Defendants. Defendants regularly hire employees to work as hourly, non-exempt, employees that are paid on an hourly basis.

13. Upon information and belief, Plaintiff and the Proposed Class Members are covered by California Industrial Welfare Commission Occupational Wage Order No. 5-2001.

14. Plaintiff is informed and believes and thereon alleges that, throughout the relevant time period of this action, Defendant employed at least 176 hourly employees.

15. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class members were not paid for all hours worked because all hours worked were not recorded.

16. On a regular and consistent basis, Plaintiff and the Proposed Class Members were not paid at the proper rate of compensation when working over eight hours in a day or 40 hours in a week.

17. Defendant, as a matter of company policy, practice and procedure, intentionally, knowingly, and systematically failed and continues to fail to correctly calculate and pay Plaintiff and Proposed Class Members for all hours worked, including overtime hours worked. State law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." Plaintiff and Proposed Class Members were compensated at their regular hourly rate. Plaintiff and Proposed Class Members also earned and were paid non-discretionary mandatory service charge wages. Thus, mandatory service charges specified in an agreement between an establishment and a patron are not "gratuities" within the meaning of the Labor Code or common understanding. The state and federal wage and hour enforcement authorities historically have treated mandatory service charges as amounts owed the establishment by the patron and, consequently, not as voluntary gratuities that necessarily belong to a particular employee. When an employer distributes any portion of these amounts to non-exempt employees, the amounts must be included in the employees' regular rate of pay for purposes of computing their overtime compensation.

18. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Proposed Class Members were entitled to be paid a premium at their regular rate of pay for missed meal and rest periods, and corresponding rates of pay for overtime wages, as eligible income as required by law, that included as eligible income all renumeration required by law, including but not limited to, all income derived from incentive pay, nondiscretionary bonuses, mandatory service charges, and/or other forms of compensation, but Defendants failed to include such eligible income in calculating wages for Plaintiff and Proposed Class Members.

19. Defendants failed to provide Plaintiff and the Proposed Class Members with minimum wage compensation by failing to pay them properly for all hours worked. Defendants required Plaintiff and the Proposed Class Members to clock out for lunch or after the shift and continue working. Defendants failed to compensate Plaintiff and the Proposed Class Members for this time.

20. Defendants failed to provide or make available to Plaintiff and Proposed Class Members, ten minute rest breaks for ever four hours of work.

21. Defendants failed to inform Plaintiff and the Proposed Class Members of their right to take compliant first and second meal periods pursuant to California law.

22. Plaintiff and all Proposed Class Members have been forced by Defendant to work over five (5) hours in one day without being provided a timely thirty (30) minute uninterrupted meal period. Defendant failed to compensate Plaintiff and Proposed Class Members for one (1) hour of pay at their regular rate of pay for each workday that a meal period was not provided, or provided after five (5) hours of work in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders.

23. Plaintiff and all Proposed Class Members have been forced by Defendant to work over ten (10) hours in one day without being provided a second

thirty (30) minute uninterrupted meal period. Defendant failed to compensate Plaintiff and Proposed Class Members one (1) hour of pay at their regular rate of pay for each workday that a second meal period was not provided, or provided after ten (10) hours, in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders.

24. Defendants failed to inform Plaintiff and the Proposed Class Members of their right to take second meal periods pursuant to California law.

25. Defendants failed to inform Plaintiff and the Proposed Class Members of their right to take compliant rest periods pursuant to California law.

26. Plaintiff and all Proposed Class Members have been forced by Defendant to work without the ability to take rest periods of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof, and were/are not being compensated one (1) hour of pay at their regular rate of pay for each workday that a rest period was not provided in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and/or class members were entitled to be paid a split-shift premium when they returned to work for an additional shift in the same day, after having been clocked out for more than an hour.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of all wages earned upon termination of employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages due, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within permissible time periods. As a result of the facts alleged above, Defendant has engaged in unfair competition and unlawful business practices.

29. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members for all hours worked, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

## STATEMENT OF FACTS

30. Allegations and other factual contentions stated "on information and belief" are likely to have evidentiary support after Plaintiff is afforded a reasonable opportunity for further investigation and discovery.

31. Plaintiff was hired by HC Assetco LLC dba Hotel Californian in August 2018 as an In-Room Dining Runner and Banquet Server and was considered a non-exempt hourly employee.

32. As in In-Room Dining Runner (also called In-Room Dining Server), Plaintiff was required to take orders by phone, set up the tray with food and then deliver the food to the appropriate room. Plaintiff would then retrieve the dirty dishes from the room a couple of hours later. Plaintiff also delivered amenities to the rooms when requested.

33. As a Banquet Server, Plaintiff made sure all the silverware was set up correctly, set up stations for the banquet and deliver food to guests. She also performed bussing duties during the event.

34. While her schedule varied, Plaintiff worked an average of seven to ten hours per shift.

35. Plaintiff worked five to six days per week.

36. Plaintiff sometimes worked up to 14 hours per day.

37. During Plaintiff's employment, she would work more than one shift in a day, often covering a second shift for another employee who called out.

38. Plaintiff is informed and believes and thereon alleges that other hourly employees also worked split-shifts and were not compensated.

39. Plaintiff is informed and believes and thereon alleges that throughout her employment, she worked at least 8 split shifts for which she was not paid a split shift premium.

40. When Plaintiff worked a split shift, the time period between the two shifts was greater than two hours.

41. Plaintiff is informed and believes and thereon alleges that, through common practice, policies and/or schemes, Defendant failed to pay split shift wages to Plaintiff and Class Members as required by California law.

42. Plaintiff is informed and believes and thereon alleges that, in or around 2020, Defendant instituted a mandatory service charge for in-room dining.

43. Plaintiff is informed and believes that her overtime wages were not paid at the correct rate. The service charges paid to the employee were not incorporated into the regular rate of pay for overtime purposes.

44. Plaintiff's wage statements reflect service charges and overtime worked during the pay period, but the overtime rate did not include all renumeration required by law, including but not limited to, all income derived from incentive pay, nondiscretionary bonuses, mandatory service charges.

45. During Plaintiff's employment, she was told to clock out for her meal period but was required to continue working. Plaintiff was not compensated for the time she was required to work while clocked out.

46. During Plaintiff's employment, Plaintiff was told by her supervisor to continue working after she clocked out for the day. Plaintiff was not compensated for this time.

47. During Plaintiff's employment, Plaintiff was not afforded a ten minute rest period for every four hours worked. Plaintiff is informed and believes that the

Hotel had staffing shortages which resulted in her inability to be relieved of all duty during her meal and rest periods.

48. Plaintiff is informed and believes and thereon alleges that the staffing shortages were wide spread and impacted all areas of service within the Hotel.

49. Plaintiff estimates that she worked, at the direction of management, while clocked out approximately three to four times per week.

## RULE 23 CLASS ACTION ALLEGATIONS

50. Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff reserves the right under Rule 3.765(b) of the California Rules of Court to amend or modify the class description with greater specificity, by division into subclasses, or by limitation to particular issues.

51. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

52. Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California, at any time from April 4, 2021, until the date of trial ("Class").

53. Plaintiff reserves the right to redefine the Class and Subclass and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

54. This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof.

55. According to Defendant's removal papers, there are at least 176 non-exempt, hourly paid employees working for Defendants in California during the relevant period. Thus, it is reasonable to presume that the members of the class are

so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

56. Plaintiff's claims are typical of those of the class members, because Plaintiff suffered the violations set forth in this First Amended Complaint.

57. Plaintiff will adequately protect the interests of class members. Plaintiff has no interests that are adverse to or conflict with class members and is committed to the vigorous prosecution of this action. To that end, Plaintiff has retained counsel who is competent and experienced in handling class actions on behalf of employees.

58. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the amount suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

59. There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a) Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

(b) Whether Defendants failed to properly calculate the "regular rate" of pay on which Plaintiff's and class members' overtime rate of pay was based;

(c) Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

(d) Whether Defendants failed to provide Plaintiff and class members with meal periods;

(e) Whether Defendants failed to authorize and permit Plaintiff and class members to take rest periods;

(f) Whether Defendants failed timely to pay overtime wages, minimum wages, and meal and rest period premiums to Plaintiff and class members during their employment;

(g) Whether Defendants required Plaintiff and/or class members to return to work for an additional shift in the same day, after having been clocked out for more than an hour, without paying Plaintiff and/or class members an addition hour of pay at the minimum wage as required by California Code of Regulations, Title 8, section 11070(4)(C);

(h) Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(i) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

## FIRST CAUSE OF ACTION

**Failure To Pay Wages and/or Overtime Under Labor Code §§ 510, 1194**

**(Against All Defendants)**

60. Plaintiff, on behalf of herself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

61. Labor Code §§ 510, 1194 require an employer to compensate its employees at the rate of no less than one and one-half times the regular rate of pay for any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek.

62. Plaintiff and the Proposed Class were forced to work on a regular and consistent basis without receiving compensation for all hours worked at the proper rate of pay. Specifically, Plaintiff and the Proposed Class were not paid at the proper overtime rate when they were working more than eight (8) hours in one day or forty (40) hours in one week. Plaintiff and the Proposed Class Members were regularly required to work in excess of eight (8) hours in one day or forty (40) hours in one week without receiving compensation for all hours worked at the proper rate.

63. By their policy of requiring Plaintiff and Proposed Class Members to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating them at the rate of one and one-half (1 ½) their regular rate of pay, Defendant willfully violated the provisions of Labor Code §§ 510, 1194 and 1199.

64. As explained herein, Plaintiff and the Proposed Class Members regularly worked overtime hours for which they were not compensated as required by California law. Defendants failed to compensate Plaintiff and the Proposed Class Members for all hours worked by virtue of, among other things, Defendants' deduction for meal periods, off-the-clock/unpaid work completed during meal periods, other pre-shift and post-shift off-the-clock work, and/or payment according to scheduled hours worked rather than actual hours worked that resulted in the failure to account for all hours worked, and thus the denial of minimum wages.

65. Based on information and belief, Defendants further violated California's overtime wage laws by failing to incorporate all non-discretionary compensation, including but not limited to, non-discretionary bonus compensation, shift differentials, and/or other nondiscretionary compensation into the regular rate of pay used to calculate the overtime rate of pay. Failing to include non-discretionary compensation into the regular rate of pay resulted in a miscalculation

of the overtime wage rate, resulting in the underpayment of overtime wages owed to Plaintiff and the Proposed Class Members.

66. As a result of the unlawful acts of Defendant, Plaintiff and the Proposed Class Members have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

### Failure To Pay Minimum Wages

### (Against All Defendants)

67. Plaintiff, on behalf of herself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

68. Labor Code Section 1194 requires an employer to pay the unpaid balance of any minimum wage that was not paid to an employee. Employees are entitled to minimum wages for each hour of work.

69. Defendants failed to provide Plaintiff and the Proposed Class Members with minimum wage compensation by failing to pay them for all hours worked. Defendants required Plaintiff and the Proposed Class Members to perform work when clocked out for a meal period or clocked out at the end of their shift. Defendants failed to compensate Plaintiff and the Proposed Class Members for this time.

70. Pursuant to the California Labor Code, Plaintiff is entitled to recover all wages due for all hours that were not compensated at the minimum wage rate, in a sum to be proven at trial.

71. During the relevant time period, Defendant required Plaintiff and Proposed Class Members to perform work off the clock and failed to compensate them for this time.

72. Defendants' own pay and time records, including time sheets, schedules, payroll earnings records, and electronic data can establish with

particularity the shifts when Plaintiff and the Proposed Class Members were not paid for all hours worked at the appropriate rate.

73. Pursuant to California Labor Code Section 1194, Plaintiff requests that the court award interest, reasonable attorney's fees, and costs incurred in this action.

## THIRD CAUSE OF ACTION

**Missed and Unpaid Meal Periods and Rest Periods**

**(Against All Defendants)**

74. Plaintiff, on behalf of herself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

75. Section 11 of Wage Order 5-2001, specifically reads:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on-duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.
>
> (B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.
>
> (C) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.
>
> (D) Notwithstanding any other provision of this order, employees in the health care industry who work shifts in excess of eight (8) total hours in a workday may voluntarily waive their right to one of their two meal periods. In order to be valid, any such waiver must be documented in a written agreement that is voluntarily signed by both the employee and the employer.

> The employee may revoke the waiver at any time by providing the employer at least one day's written notice. The employee shall be fully compensated for all working time, including any on-the-job meal period, while such a waiver is in effect.

76. Section 12 of Wage Order 5-2001 specifically reads:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.
>
> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

77. Plaintiff and Proposed Class Members are or were employees of Defendants in the State of California and Defendants were and are employers employing persons in the State of California. As such, the Class Members were the type of persons contemplated to be protected by the Labor Code and the Wage Orders and said regulations were intended to apply to Defendants and to prevent the type of injury and damage herein. Plaintiff and other Proposed Class Members were paid on an hourly basis.

78. Defendants failed to provide Plaintiff and the Proposed Class Members with a 10-minute uninterrupted rest period for every four hours worked and also failed to provide uninterrupted 30- minute meal periods that Plaintiff and Proposed Class Members were entitled to based on the number of hours that they worked in a given day. Defendants also failed to pay Plaintiff and Proposed Class Members an hour of pay for each rest period and each meal period that was not provided.

79. The failure of the Defendants to provide Plaintiff and the Class Members with the required meal periods and rest periods, along with the failure of Defendants to pay Plaintiff and the Proposed Class Members with one hour of pay for each such missed meal period and rest period was done willfully, and violates the Wage Orders. Consequently, Defendants were not in compliance with California law.

80. As a direct and proximate result of Defendants' conduct as herein above alleged, Plaintiff and Proposed Class Members have sustained and will continue to sustain damages in an amount to be proven at trial consisting of unpaid meal and rest break premiums, together with interest thereon and attorneys' fees and costs of the suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Split Shift Premium Pay

### (Against All Defendants)

81. Plaintiff, on behalf of herself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

82. California Code of Regulations, title 8, section 11040, subdivision 2(Q) and Industrial Welfare Commission Wage Order No. 5-2001 § 2(Q) state: "'Split shift means a work schedule, which is interrupted by non-paid, nonworking periods established by the employer, other 4 than bona fide rest or meal periods."

83. California Code of Regulations, title 8, section 11040, subdivision 4(C), and 6 Industrial Welfare Commission Wage Order No. 5-2001 § 4(C) state; "When an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment." A "split shift" is defined as a work schedule which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods.

84. Plaintiff alleges that during her employment she was scheduled to work a split-shift on at least one occasion where she was required to clock out for a period of time and report back to work to fill in for another employee or because of staffing shortages.

85. As a result of Defendants unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof to the extent that they were not properly paid for all split shifts worked.

86. Plaintiff and Class Members are entitled to recover the full amount of their unpaid split shift wages, prejudgment interest, reasonable attorneys' fees and costs of suit.

**FIFTH CAUSE OF ACTION**

**Violation of Labor Code section 204**

**(Against All Defendants)**

87. Plaintiff, on behalf of herself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

88. Labor Code § 204 instructs that: "All wages, …earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Additionally, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period."

89. Defendants maintained a consistently applied policy and practice of not paying all wages earned between the 1st and 15th days of a month between the

16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between the 1st and 10th day of the following month. Defendants similarly failed to pay all wages earned by not more than seven calendar days following the close of the payroll period. Defendants also committed ongoing violations by failing to issue compliant wage statements to Plaintiff and Proposed Class Members.

90. All wages due and owing to Plaintiff and Proposed Class Members, including as required under Labor Code § 510, were therefore not timely paid by Defendants. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled

91. Defendants violated Labor Code § 204 by systematically refusing to timely pay wages due under the Labor Code, as addressed above. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and Proposed Class Members may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

92. As a result of the unlawful acts of Defendants, Plaintiff and the Proposed Class seeks deprived wages in amounts to be determined at trial, and they are entitled to recovery of such amounts, plus interest, attorneys' fees, and costs, pursuant to Labor Code § 204, 210, 218.5, 1194 and 1198, and paragraphs 4(B) and 20 of the applicable IWC Wage Orders.

**SIXTH CAUSE OF ACTION**

**Unfair Business Practices, Business & Professions Code, Sections 17000 et seq.**

**(Against All Defendants)**

93. Plaintiff, on behalf of herself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

94. The Unfair Practices Act defines unfair competition to include any "unfair", "unlawful", or "deceptive business practice. The Unfair Trade Practices Act provides for injunctive and restitutionary relief for violations. The failure to compensate Proposed Class Members for all time worked, including, but not limited to, the failure to provide missed meal and rest periods and the failure to pay for missed meal and rest periods, is an unfair business practice as defined by the Unfair Practices Act.

95. Defendants, and each of them, are "persons" as defined under Business & Professions Code Section 17095.

96. Each of the directors, officers and/or agents of the Defendants are equally responsible for the acts of the other officers, directors, employees and/or agents as set forth in & Professions Code Section 17095.

97. Defendants, and each of them, provides hospitality services. This provides services to the public as defined in Business & Professions Code Sections 17022 and 17024.

98. Plaintiff is informed and believes, and based thereon allege, that Defendants, and each of them, have intentionally and improperly altered records of the Proposed Class Members, and required Proposed Class Members to perform tasks without receiving pay for them, failing to provide gratuities earned, failing to provide and compensate for meal and rest periods, failing to pay split-shift premiums, and failing to provide minimum wage for all hours worked.

99. Plaintiff is informed and believes, and based thereon allege, that Defendants have under-reported to federal and state authorities' wages earned by

the Proposed Class Members and therefore, have underpaid federal and state taxes, employer matching funds, unemployment premiums, Social Security, Medicare, and Workers' Compensation premiums. The aforesaid conduct is criminal in nature and subjects Defendants to sanctions, fines and imprisonment, and is actionable under Business & Professions Code Sections 17000 et seq. and 17200 et seq.

100. Plaintiff is informed and believes, and based thereon allege, that by falling to provide timely meal and rest periods, and payments for missed meal and rest periods for Proposed Class Members for the time period from November 2021 to the present was intentional.

101. Pursuant to Business & Professions Code Sections 17071 and 17075, the failure of the Defendants, and each of them, to properly pay unpaid wages, related benefits and employment taxes, is admissible as evidence of Defendants' intent to violate Chapter 4 of the Unfair Business Practices Act.

102. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, have instructed its directors, officers, employees and/or agents to intentionally and unlawfully avoid payment of wages for all hours worked, in order to take advantage over Defendants' competitors in violation of Business & Professions Code section 17043 including, without limitation:

a. Proposed Class Members are required to work without proper wages and without being provided with timely meal and rest periods;

b. Proposed Class Members are not receiving overtime compensation at the appropriate rate of pay;

c. Proposed Class Members are not receiving split-shift premiums;

d. Plaintiff is informed and believes, and based thereon allege, that Defendants were able to compete unfairly with other similar hotels in the State of California by not properly providing its employees timely meal and rest periods in violation of Business & Professions Code, Chapters 4 and 5, et seq.

103. The victims of this unfair business practice include, but are not limited to, the Proposed Class Members, competing businesses in the State of California, and the general public.

104. Plaintiff is informed and believes, and based thereon alleges, that Defendants by committing the above-described acts, have deceived the public by illegally depriving its employees of wages, thus injuring its employees who are members of the community.

105. The failure to pay wages is a crime punishable by both a statutory fine and imprisonment for each violation pursuant to Business & Professions Code Section 17000, and other statutes. The acts constitute a continuing and ongoing unlawful activity prohibited by Business & Professions Code Sections 17000 et seq. and17200 et seq. All remedies are cumulative pursuant to Business & Professions Code Section 17205.

106. Pursuant to Business & Professions Code Sections 17200 and 17203, Plaintiff and members of the general public are entitled to restitution of all funds wrongfully not paid by Defendants to the Proposed Class Members, together with interest, and attorneys' fees and costs.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff prays for the following relief:

1. For compensatory damages in the amount of unpaid minimum wages and/or overtime not paid to Plaintiff and each Proposed Class Member from at least four (4) years prior to the filing of this action to the present as may be proven;

2. For compensatory damages in the amount of Plaintiff and each Proposed Class Members' hourly wage for each meal period missed or taken late from at least four (4) years prior to the filing of this action to the present as may be proven;

3. For compensatory damages in the amount of Plaintiff and each Proposed Class Members' hourly wage for each rest period missed from at least

four (4) years prior to the filing of this action to the present as may be proven;

4. For compensatory damages in the amount of Plaintiff and each Proposed Class Members' hourly wage for each split-shift from at least four (4) years prior to the filing of this action to the present as may be proven;

5. An award of prejudgment and post-judgment interest;

6. For restitution for unfair competition pursuant to Business & Professions Code §17200, e*t seq*., including disgorgement or profits, in an amount as may be proven;

7. An award providing for payment of costs of suit;

8. An award of attorneys' fees; and

9. Such other and further relief as this Court may deem proper and just.

Dated: May 19, 2025 ANTICOUNI & RICOTTA, PC

By:____________________________
Nicole K. Ricotta
Attorney for Plaintiff and the Class

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: May 19, 2025 ANTICOUNI & RICOTTA, PC

By:____________________________
Nicole K. Ricotta
Attorney for Plaintiff and the Class

**Case No. 2:25-cv-00969-E**
**PROOF OF SERVICE**

I am over the age of eighteen (18) years and not a party to the within action. I am employed in the County of Santa Barbara, State of California. My business address is 201 N. Calle Cesar Chavez, Ste. 105 Santa Barbara, California 93103.

On May 19, 2025**,** I served the foregoing document described as: **FIRST AMENDED CLASS ACTION COMPLAINT** on the interested parties in this action, as follows:

☒ TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to USDC Central District Rule 5-3.2, the foregoing document will be served by the court via NEF and hyperlink to the document pursuant the Electronic Mail Notice List to receive NEF transmissions and the Service List set forth below.

□ BY MAIL by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed to the Service List set forth below.

□ I deposited such envelope in the mail at Santa Barbara, State of California. The envelope was mailed with postage fully prepaid.

□ As follows: I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with United States Postal Service on that same day with postage thereon fully prepaid at Santa Barbara, California, in the ordinary course of business. I am aware that service made pursuant to Code of Civil Procedure § 1013a(3) upon motion of a party served shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

☒ BY EMAIL by sending a true copy thereof via email the Service List set forth below.

**SERVICE LIST**

PRICE, POSTEL & PARMA LLP
Melissa J. Fassett (SBN 135290)
mjf@ppplaw.com
Timothy E. Metzinger (SBN 145266)

tem@ppplaw.com
Cory T. Baker (SBN 315763)
ctb@ppplaw.com
200 East Carrillo Street, Fourth Floor
Santa Barbara, CA 93101
Telephone: (805) 962-0011

Attorney for Defendant
HC ASSETCO, LLC dba HOTEL CALIFORNIAN

I certify and declare under penalty of perjury under the laws of the State of CALIFORNIA that the foregoing is true and correct.

Executed **May 19, 2025** at Santa Barbara, California.

Nicole Ricotta
[PRINT NAME]

[SIGNATURE]