UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVANA SERRANO,<br><br>            Plaintiff,<br><br>       v.<br><br>HC ASSETCO, LLC, *et al.*,<br><br>            Defendants. | Case No. 2:25-cv-04246-FLA (PVCx)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

## ORDER TO SHOW CAUSE

### I.  Amount in Controversy Requirement

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the

amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where a party contests, or the court questions, a party's allegations concerning the amount in controversy, both sides shall submit proof, and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The court has reviewed the Notice of Removal and is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1332(a). In particular, and without limitation, the court finds that the allegations in the Notice of Removal do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## II.   CAFA Amount in Controversy Requirement

The Class Action Fairness Act ("CAFA") vests original jurisdiction in district courts over a purported class action if all the following requirements are met: (1) the amount in controversy exceeds $5 million; (2) at least one putative class member is a citizen of a state different from any defendant; and (3) the putative class exceeds 100 members. 28 U.S.C. § 1332(d)(2), (5). The removing defendant bears the burden of establishing federal jurisdiction, "including any applicable amount in controversy requirement." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). However, unlike cases removed under diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

A notice removing a case from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* Where a party contests or the court questions another party's allegations concerning the amount in controversy, both sides shall submit proof and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

This procedure applies equally to the amount in controversy requirement in CAFA actions.

> When plaintiffs … have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5 million, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million … and to persuade the court that the estimate of damages in controversy is a reasonable one.

*Ibarra v. Manheim Invs. Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the … theory of damages exposure." *Id.* As a result, the party asserting jurisdiction in CAFA actions bears the burden to put forward allegations and sufficient evidence that the amount in controversy exceeds $5 million.

The court has reviewed Defendant's Notice of Removal and is presently unable to conclude it has subject matter jurisdiction under CAFA. In particular, and without limitation, the court finds that the allegations in the Notice of Removal do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5 million.

/ / /

/ / /

### III. CONCLUSION

Accordingly, the parties are ORDERED TO SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold. The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order. Responses shall be limited to ten (10) pages in length. The parties should consider this Order to be a two-pronged inquiry into the facial and factual sufficiency of Defendant's demonstration of jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

As it is the party asserting federal jurisdiction, Defendant's failure to timely respond to this Order shall result in the remand of this action without further warning.

IT IS SO ORDERED.

Dated: August 27, 2025

                                               FERNANDO L. AENLLE-ROCHA
                                               United States District Judge